## RETIREMENT SYSTEMS

### APPLICABILITY OF "16-YEAR RULE" TO EMPLOYEES WHO HAVE TRANSFERRED TO INDEPENDENT PERSONNEL SYSTEM

July 27, 1994

*Mr. Peter Vaughn*
*Executive Director*
*Maryland State Retirement Agency*

Your predecessor as Acting Executive Director requested our opinion whether an employee who transfers from the unclassified service into an independent personnel system remains eligible for early retirement under the "16-year rule," currently codified at Article 73B, §§2-408 and 4-410 of the Maryland Code, soon to be recodified at §§22-404 and 23-404 of the State Personnel and Pensions ("SPP") Article, Maryland Code.[1]  The request cites as examples those employees who have transferred into the personnel systems that the Maryland Department of Transportation and the Maryland Environmental Service each have established.

These provisions contain identical criteria that an employee must satisfy in order to qualify for early retirement − among them, and most pertinent to this opinion, that the employee "[h]as been in the unclassified service of the State continuously from June 30, 1982 ...."  Concern has been expressed that an employee who transfers into an independent personnel system might not satisfy this particular criterion and thus would be ineligible to receive the benefit of the early retirement even if the employee met the other criteria.[2]

For reasons explained below, we conclude as follows:  An employee who, as a result of a transfer from an unclassified position

---

[1] These sections are part of Division II, "Pensions," of the State Personnel and Pensions Article, which will become effective on October 1, 1994.  *See* Chapter 6 of the Laws of Maryland 1994, Section 18.  For ease of reference in the future, we shall refer to the provisions as they will appear in SPP Division II.

[2] Among other prerequisites, the employee must have at least 16 years of service − hence the moniker "16-year rule."

into an independent personnel system, holds a position that subjects the employee to the risk of termination without cause is eligible for early retirement under SPP §§22-404 or 23-404 (assuming, of course, that all of the other statutory prerequisites are met).

## I

### Early Retirement Under The 16-Year Rule

Apart from the fact that SPP §22-404 refers to the Retirement System and that SPP §23-404 refers to the Pension System, the language of these two sections is identical. Both sections provide, in pertinent part, as follows:

> (b) The Board of Trustees shall pay a member ... who qualifies under subsection (c) of this section ... regardless of age, if the member:
>
> (1) Has at least 16 years of creditable service; and
>
> (2) Elects to have the member's accumulated contributions paid as an annuity of equivalent actuarial value instead of withdrawing the accumulated contributions.
>
> (c) A member qualifies ... under subsection (b) of this section if the member:
>
> . . .
>
> (3)(i) Was promoted to an unclassified position on or before June 30, 1982;
>
> (ii) Has been in the unclassified service of the State continuously from June 30, 1982, until separating from employment; and
>
> (iii) Separated from employment involuntarily, as certified by the Secretary of Personnel.

The benefit provided by this section was discussed in an earlier opinion of the Attorney General:

> The basic purpose ... appears straightforward: to provide a special benefit to those who, while members of the Retirement System, have chosen to continue their service to the State in an untenured, or, at best, a limited-tenured position, with little if any job security. The tenure of an unclassified employee ..., unlike that of a classified employee with merit system protection, is uniquely "at risk." That is, the employee's ... tenure is particularly susceptible to "early," even if undesired termination ... — a termination that might well occur before the individual has been able to meet the usual retirement requirements .... Section [22-404] thus provides a "trade-off" against this "risk": the ability, under specified circumstances, for one who has been subjected to an "early" termination to obtain the benefits of an "early" retirement.

66 *Opinions of the Attorney General* 211, 214 (1981).

## II

### Scope of Recodified Early Retirement Provision

"The cardinal rule of statutory construction is to ascertain and carry out the intent of the legislature." *Montgomery County v. Buckman*, 333 Md. 516, 523, 636 A.2d 448 (1994). This analysis begins with the language of the statute itself. *Gargliano v. State*, 334 Md. 428, 435 639 A.2d 675 (1994). The words of the statute "must not be read in a vacuum," however, "but should be considered in light of other manifestations of legislative intent." *In re Douglas P.*, 333 Md. 387, 393, 635 A.2d 427 (1994). These include the history of the enactment, its relationship to other statutes, and other indicia of the purpose, aim, or policies of the Legislature. *Fikar v. Montgomery County*, 333 Md. 430, 434, 635 A.2d 977 (1994).

The early retirement provisions require the would-be retiree to "ha[ve] been in the unclassified service of the State continuously

from June 30, 1982, until separating from employment." The term "unclassified service" is not defined for purposes of the early retirement sections, the titles in which they are included, or indeed the entire Division II, "Pensions," of the State Personnel and Pensions Article.

For purposes of SPP Division I, "State Personnel," the term "unclassified service" means "all of those positions in the State Personnel Management System that are excluded from the classified service by law." SPP §1-101(o). Thus, an employee holds a position in the "unclassified service" only if the position is "in the State Personnel Management System." This system is defined in SPP §1-101(n) as "the personnel system established under §1-201 of this title." SPP §1-201, in turn, states that the State Personnel Management System is "under the authority of the Secretary of Personnel." The hallmark of an independent personnel system, by contrast, is that it is *not* under the authority of the Secretary of Personnel. That is what "independent" means. *See* 77 *Opinions of the Attorney General* 147, 150 (1992); 73 *Opinions of the Attorney General* 285, 286 (1988). To make this point all the more explicit, SPP §1-203(b) provides that "any position in a unit in the Executive Branch of State Government with an independent personnel system is excluded from the State Personnel Management System."

Hence, if we were to construe the term "unclassified service" in the early retirement provisions in light of the definition of this term in SPP §1-101(o) and the other provisions from Division I that are linked to it, we would be compelled to conclude that employees in independent personnel systems are excluded from the benefits of the early retirement provisions, because they are not in the "unclassified service" as thus defined. Therefore, they could not meet the requirement in SPP §§22-404(c)(3)(ii) and 23-404(c)(3)(ii) that the employee have been in the unclassified service "continuously" until separation.

That is not our conclusion, however. Rather, we find in the legislative history of the early retirement provisions unmistakable evidence of a legislative purpose to preserve the benefits of the 16-year rule for all employees who would otherwise be eligible for that benefit, including those in independent personnel systems.

Prior to 1989, former Article 73B, §11(12) defined one of the criteria for eligibility for the early retirement benefit to be whether an employee "has been ... promoted ... to any position within the State government which is not a part of the classified service and

which is not covered by the provisions of Article 64A (Merit System) ...."[3]

The law was relatively clear. This criterion for eligibility for the 16-year benefit was whether the person had been promoted to a position which was not part of the classified service and not covered by former Article 64A. The language "any position ... not covered by the provisions of [the] Merit System [Law] ..." presumably meant positions from which the employee could be terminated without cause at any time. *See* 66 *Opinions of the Attorney General* at 214. If an "at risk" position was part of an independent personnel system, the employee satisfied this criterion for eligibility.

The law was changed by Chapter 570 (Senate Bill 346) of the Laws of Maryland 1989. As discussed above, prior to 1989, the test for eligibility was whether the member was promoted to a position which "is not a part of the classified service." In 1989, however, the test for eligibility became whether the member was promoted "to an unclassified position."

If the General Assembly intended the term "unclassified position," as used in Chapter 570, to have the meaning now found for the parallel term "unclassified service" in SPP §1-101(i), positions in independent personnel systems would have been excluded by the 1989 enactment. Accordingly, its effect would have been to make substantive changes to the 16-year rule. The legislative history suggests just the opposite, however.

First, the General Assembly did not intend the 1989 changes to the 16-year rule to have any fiscal impact. The Fiscal Note for Senate Bill 346 described the effect of the bill as follows: "Since this bill merely clarifies existing law and thus will neither increase nor decrease the number of members who currently qualify for the '16 year' benefit, it does not affect State expenditures." In addition, the Senate Budget and Taxation Floor Report on the bill stated that it had no fiscal impact. *See also* Joint Committee on Pensions, *Report of the 1988 Interim to the Maryland General Assembly* 207. If a narrow definition of the term "unclassified position" had been

_____

[3] The only appellate case construing this statute is an unreported decision of the Court of Special Appeals. *Maryland State Retirement & Pension Systems v. Howard*, No. 1704, Sep't. Term, 1987 (filed July 18, 1988) (holding that §11(12) applied to an employee who had never served in a classified position).

intended, the bill would have had a fiscal impact, since the class of members eligible for the benefit would have been reduced by the exclusion of employees in independent personnel systems.

Second, when the General Assembly used the term "unclassified position," it probably had in mind the definition of "unclassified service" added to the law by Chapter 543 of the Laws of Maryland 1988: "all positions specifically excluded from the classified service by the Annotated Code of Maryland." Former Article 64A, §1(20). Although terms like "unclassified service" were not used with precision in the prior law, 77 *Opinions of the Attorney General* 147, 149-50, nevertheless it is reasonable to conclude that the General Assembly intended to use the term "unclassified position" in Senate Bill 346 to mean *any* position that was not part of the classified service and that carried with it the risk of early termination described by the Attorney General in his 1981 opinion.

Finally, while the 1989 changes were not formally part of Code Revision, the Retirement Agency had formed a committee with members of the Department of Legislative Reference and others to begin the work of reorganizing and clarifying the provisions of the Pension Article. That committee was guided by the same principles applicable in other efforts to revise the Maryland Code. "As a general rule, statutes enacted as mere code revision are presumed not to contain substantive changes unless the intent to make such changes is clear." *Department of General Services v. Harmans Assoc.*, 98 Md. App. 535, 545, 633 A.2d 939 (1993). Particularly in light of the bill title's assertion that the bill was simply "clarifying" the eligibility criteria, we view Chapter 570 as an effort to revise the 16-year rule without substantive change.

Nor did subsequent recodifications change the scope of the 16-year rule. The 1992 revision of the pension laws, Chapter 131 of the Laws of Maryland 1992, recodified former §§11(12) and 117(13) as §§2-408 and 4-410, respectively. The Committee Notes accompanying these sections stated that the changes were "stylistic or technical." The 1994 Code Revision bill adding SPP Division II, Chapter 6 of the Laws of Maryland 1994, expressly denies any effort at substantive change. According to the Revisor's Notes, SPP §§22-404 and 23-404 reflect "new language derived without substantive change" from the prior provisions.

In short, employees in independent personnel systems who lacked job security were within the scope of the 16-year rule as of 1989. Neither the 1989 amendments nor subsequent revisions of the 16-year rule diminished that scope. Hence, these employees remain eligible.

## III

## Conclusion

In summary, it is our opinion that an otherwise eligible employee who has transferred to an independent personnel system may seek early retirement under SPP §§22-404 or 23-404 if the employee has served continuously in a position that subjects the employee to the risk of early termination.[4] Because this construction departs from the literal application of the statutory text, we recommend clarifying legislation.

J. Joseph Curran, Jr.
*Attorney General*

Jack Schwartz
*Chief Counsel*
 *Opinions & Advice*

Thomas F. Filbert
*Assistant Attorney General*

---

[4] In light of our conclusion, we need not consider whether any of the statutes creating independent personnel systems themselves preserved the benefit of the 16-year rule for employees who transferred to a new system. *See, e.g.,* §2-103.4(c) and (f)(2) of the Transportation Article.